```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION


JPMorgan Chase Bank, N.A.,     :

      Plaintiff,               :

    v.                         :     Case No. 2:16-cv-426

Michel L. Mullen, et al.,      :     JUDGE GEORGE C. SMITH
                                     Magistrate Judge Kemp
                               :
      Defendants.
```

## OPINION AND ORDER

The Plaintiff, JPMorgan Chase, N.A., brought this action against Michel Mullen and BJ 400XP, Inc. ("400XP") to recover the balance of an alleged unpaid debt. This matter is now before the Court on the defendants' motion to transfer venue and the plaintiff's motion to strike. The motions have been fully briefed and are ripe for decision. For the following reasons, both motions will be denied.

## I. Introduction

This case arises out of the financing of an airplane purchase. 400XP bought a Raytheon airplane in 2007 and financed it through a note and a loan and security agreement with Chase Leasing. Mr. Mullen personally guaranteed that obligation. The parties appear to agree that Defendants defaulted on the note as early as 2009 and never cured that default despite the execution of a number of "standstill" agreements. In 2012, the plane was sold and Chase received the proceeds, but that still left a sizeable amount payable on the loan. In the case filed in this Court, Chase is seeking to recover some $5,596,846.89 plus interest.

Chase filed its complaint here on May 12, 2016. Three days before that, Defendants filed suit in a Texas state court. Their complaint asked for a declaration that the statute of limitations

had run out on Chase's ability to sue on the note and loan agreement. That suit is now pending in the United States District Court for the Northern District of Texas, where Chase removed it. Chase has moved to dismiss that case, and its motion is still pending. Defendants have asked this Court to transfer this case to Texas both in order that the two cases may be consolidated and, in their view, to better serve the interests of the parties and of justice.

Both the note and the loan agreement contain some language about forum selection. Although, as will be discussed later, a definitive construction of that language is not necessary here, it may be helpful to recite it in order to place the parties' venue arguments in context. Interestingly, the forum selection and choice of law provisions in these two agreements are not the same. The one contained in the note says this:

> THE INTERPRETATION, CONSTRUCTION AND VALIDITY OF THIS NOTE SHALL BE GOVERNED BY THE LAWS OF THE STATE OF OHIO. LENDER AND BORROWER IRREVOCABLY CONSENT TO THE JURISDICTION AND VENUE OF ANY STATE OR FEDERAL COURT IN OHIO.

Doc. 1, Exhibit A. On the other hand, the loan agreement provides:

> THE INTERPRETATION, CONSTRUCTION AND VALIDITY OF THIS AGREEMENT AND THE NOTE SHALL BE GOVERNED BY THE LAWS OF THE STATE OF OHIO WITHOUT REFERENCE TO CONFLICT OF LAW PROVISIONS. ALL PARTIES TO THIS AGREEMENT IRREVOCABLY CONSENT TO THE JURISDICTION AND VENUE OF ANY STATE OR FEDERAL COURT IN NEW YORK IN ANY ACTION, PROCEEDING OR COUNTERCLAIM BROUGHT BY ANY PARTY AGAINST ANY OTHER PARTY ON ANY MATTER WHATSOEVER ARISING OUT OF, IN CONNECTION WITH OR IN ANY WAY RELATED TO THE NOTE OR THIS AGREEMENT.

Doc. 1, Exhibit B.

According to Chase, these provisions mean that Defendants waived their right to argue that private interests favor a transfer of venue from Ohio to any other jurisdiction. Defendants, on the other hand, say that the most they agreed to was not to argue that venue is improper in Ohio.  They do not make that argument, but contend that under the general principles relating to venue and pursuant to 28 U.S.C. §1404, this case should be transferred to Texas.  Both parties devote a substantial amount of argument to the precise meaning of the forum selection clauses, and particularly to what the significance is of an "irrevocable consent" to venue in a particular jurisdiction.

## II.  Legal Standard

The general principles relating to a transfer of venue under 28 U.S.C. §1404(a) have been extensively discussed in various appellate and district court decisions within the Sixth Circuit. The purposes of transferring a case from one federal district to another, where venue is proper in each, are to permit access to proof with greater ease, to allow witnesses to attend a trial, to enhance enforceability of any judgment rendered, and otherwise to permit a transfer when to do so would further the goal of a fair and efficient trial and remove any obstacles thereto. Holiday Rambler Corp. v. American Motors Corp., 254 F.Supp. 137 (W.D. Mich. 1966).  Providing for a change of venue allows the Court to prevent unnecessary waste of time, energy and money and to protect witnesses and the public against unnecessary inconvenience and expense.  Rowe v. Chrysler Corp., 520 F.Supp. 15 (E.D. Mich. 1981). "However, when balancing those various factors, the Court does not start with the assumption that the case should proceed in whichever forum is slightly more advantageous to the parties or the witnesses.  Rather, it has long been held that the plaintiff's choice of a forum is entitled

to considerable weight, and, consequently, the party moving for a change of venue must demonstrate that the interests served by 28 U.S.C. §1404(a) clearly favor a change of venue." Lassak v. American Defense Systems, Inc., 2007 WL 1469408, *2 (S.D. Ohio May 18, 2007), citing Sun Oil Co. v. Lederle, 199 F.2d 423 (6th Cir. 1952); International Union of Electrical Radio and Machine Workers v. United Electrical, Radio and Machine Workers of America, 192 F.2d 847 (6th Cir. 1951); Nicol v. Koscinski, 188 F.2d 537, 537 (6th Cir. 1951); Central Investment Corp. v. Mutual Leasing Associates, Inc., 523 F.Supp. 74 (S.D. Ohio 1981).  Of course, although "a plaintiff's choice of forum should be given weight when deciding whether to grant a motion to change venue, this factor is not dispositive." Lewis v. ACB Business Services, Inc., 135 F.3d 389, 413 (6th Cir. 1998).  Nevertheless, unless it can be said that, balancing all appropriate factors, plaintiff's choice of a forum is "clearly ... inconvenient," a change of venue should not be ordered.  Lassak, supra, quoting Texas Eastern Transmission Corp. v. Marine Office-Appleton & Cox Corp., 579 F.2d 561, 568 (10th Cir. 1978).

     Where more than one venue is available in which to try a case, some inconvenience to one or more parties will exist no matter which forum is chosen.  Consequently, if a change of venue serves merely to shift the inconvenience from the defendant to the plaintiff, a change of venue is improper. Raymond E. Danto Associates, Inc. v. Arthur D. Little, Inc., 316 F.Supp. 1350 (E.D. Mich. 1970).  Consistent with that principle, a generalized assertion by a defendant that witnesses reside in, and documents are located in, the proposed transferee district, is generally insufficient to support a change of venue.  Hartford Accident & Indemnity Co. v. Dalgarno Transportation, Inc., 618 F.Supp 1450 (S.D. Miss. 1985).  Rather, the defendant must show a specific hardship involved and that witnesses are unwilling to attend a

trial in the chosen forum.  See AMF, Inc. v. Computer Automation, Inc., 532 F.Supp. 1335 (S.D. Ohio 1982). The Court may also take into account other factors, including which party is more easily able to bear the hardship involved in litigating in a distant forum, where the conduct underlying the plaintiff's claims occurred, the comparative docket congestion in the districts under consideration, and the plaintiff's connection, if any, with the proposed transferee forum.  See Garrett v. Ruth Originals Corp., 456 F.Supp. 376 (S.D. Ohio 1978); Artisan Development v. Mountain States Development Corp., 402 F.Supp. 1312 (S.D. Ohio 1975).

    The traditional analysis may be altered by the parties if they agree on forum selection language.  There are also some well-established principles applied in that context.  For example, the enforceability of forum-selection clauses is governed by federal, not state, law.  Wong v. PartyGaming Ltd., 589 F.3d 821, 828 (6th Cir. 2009).  A forum-selection clause within an agreement does not generally mean venue in a different court is improper within the meaning of 28 U.S.C. §1406(a) or Fed.R.Civ.P. 12(b)(3).  But it does generally mean that when considering a motion to change venue from the jurisdiction to which the parties have agreed, a court "should not consider arguments about the parties' private interests. When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation.  A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum." Id. at 582. When considering a motion for change of venue in light of §1404(a), a forum-selection clause should be "given controlling weight in all but the most

5

exceptional cases." Id., quoting Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 33 (Kennedy, J., concurring).

### III. Discussion

The Court will address the two pending motions in turn, starting with the motion to change venue.

#### A. Motion to Change Venue

Defendants begin their analysis of this issue by arguing that the forum selection clause in the note is "permissive" rather than "mandatory" because the language is "positive" - in other words, it simply permits jurisdiction in Ohio - rather than "negative," which, in their view, describes forum selection clauses that explicitly prohibit the parties from litigating their disputes in a different court. According to their reading of the case law, although a "mandatory" forum selection clause is a waiver of the right to argue that private interests favor a change of venue, a "permissive" clause is not, so that in the latter case, the Court simply goes through the traditional analysis of venue factors, just as if there were no forum selection clause at all. Chase takes a different view, contending that both types of clauses can constitute a waiver of the right to object to venue in a chosen forum on grounds that the private interests of the parties favor litigating the case elsewhere. Putting aside, for the moment, the fact that if the Court were to accept Defendants' position, there would be no practical difference between "consenting" and "irrevocably consenting" to the jurisdiction of a particular court - and the two seem somehow to express different concepts - in this case, it does not matter, because even if both the private and the public interests are factored into the analysis, the change of venue motion lacks merit.

Defendants based their motion on their contention that all of the transactions described in Chase's complaint occurred in

6

the Northern District of Texas, that the defendants and all the witnesses reside there, and that the other case is still pending there.  They also point out that the airplane was kept in Texas and sold there.  On the other hand, Chase points out that its primary place of business is in Ohio, and it asserts that Chase employees in its Columbus, Ohio office performed various analyses of risk and other matters associated with the loan agreement and the subsequent standstill or forbearance agreements.

As noted above, the relevant private interest factors include: (1) relative ease of access to sources of proof; (2) availability of compulsory process to secure attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make a trial expeditious and less expensive.  Estate of Thomson ex rel. Estate of Rakestraw v. Toyota Motor Corp. Worldwide, 545 F.3d 357, 364 (6th Cir. 2008), citing Gulf Oil Corp. V. Gilbert, 330 U.S. 501, 508 (1947).

This court is simply not persuaded that the private interest factors raised by Defendants are significant enough to support a change of venue.  If there is any dispute in this case about the validity of the loan documents or the amounts due, those documents are as easily accessible in Ohio as they are in Texas; and, in any event, documents are very portable these days, and it would be no burden to either party to have to produce documents for a trial in Ohio.  Whether the airplane was kept in Texas, Ohio, or even on another continent seems to have no relevance to whether Defendants owe Chase the money it claims.  True, Defendants are both Texas residents, but Chase says that its witnesses would not be employees in its Texas office, but rather people who work in Ohio.  This is neither a document-heavy nor a witness-heavy case, and the location of any possible trial does not appear to place an undue burden on either party.

Consequently, since the private interest factors are neutral, they do not favor a change of venue.

The public interest factors to consider include (1) court congestion; (2) the local interest in having localized controversies decided at home; (3) the avoidance of unnecessary problems in conflicts of laws; and (4) the unfairness of burdening citizens in an unrelated forum with jury duty. See Estate of Thomson, supra, 545 F.3d at 364.  Defendants argue that these factors weigh in favor of venue in Texas, although only slightly.  This Court disagrees.  Cases may move somewhat more quickly through the Texas court, but, on the other hand, the relevant agreements provide that the governing law over this dispute is Ohio, which weighs in favor of an Ohio venue. Furthermore, the issue of burdening citizens with jury duty is not relevant, as the parties have waived a jury trial under the terms of both the Note and the Loan Agreement.  Defendants make a separate argument about the need to apply Texas law to the statute of limitations issue, but that matter is likely to be litigated in the context of motions practice and does not suggest that this case should be transferred to Texas just so a Texas court can resolve that issue - which may well happen anyway if the Texas case is not dismissed.

Having considered all the above factors, the Court will also consider the overall interest of justice in the selection of venue for this matter.  The defendants argue that their first filed declaratory judgment action supports a transfer for reasons of judicial economy and consistency.  Generally, the court in which a suit is first filed should proceed to judgment if a second filed action involves the same parties and issues. Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp., 511 F.3d 535, 552 (6th Cir. 2007).  However, as Chase argues, filing a declaratory judgment action in Texas has some of the

8

earmarks of forum shopping, especially since Chase is the more logical plaintiff in this dispute. See e.g. PAJ, Inc. V. Yurman Design, Inc., 1999 WL 68651, *3 (N.D. Tex. Feb. 9, 1999) ("A plaintiff's choice of forum should only be given protection where the plaintiff before the court is the proper plaintiff- not a manufactured plaintiff through misapplication of a declaratory judgment.") (internal citation omitted; 909 Corp. v. Village of Bolingbrook Police Pension Fund, 741 F.Supp. 1290, 1929 (S.D. Tex. 1990) ("Anticipatory suits deprive a potential plaintiff of his choice of forum," and are "not a proper use of the declaratory judgment act as [they] provoke a disorderly race to the courthouse.") (internal citation omitted); New Orleans Pub. Serv. Inc. v. Mojoue, 802 F.2d 166, 168 (5th Cir. 1986) ("The wholesome purposes of declaratory acts would be aborted by its use of procedural fencing either to secure delay or to choose a forum")(internal citation omitted). These cases are consistent with the Sixth Circuit's view on this issue. See AmSouth Bank v. Dale, 386 F.3d 763, 788 (6th Cir. 2004) ("Courts take a dim view of declaratory plaintiffs who file their suits mere days or weeks before the coercive suits filed by a 'natural plaintiff' and who seem to have done so for the purpose of acquiring a favorable forum." "...where a putative defendant files a declaratory action whose only purpose is to defeat liability in a subsequent coercive suit, no real value is served by the declaratory judgment except to guarantee to the declaratory plaintiff her choice of forum..."). This factor does not favor Defendants, but even if the Court viewed the parties' arguments about this issue as having equal weight, that still results in the case's staying in Ohio. Simply put, there is no good reason why the Court should transfer this case to Texas.

    B. The Motion to Strike

9

Generally, a party must include any supporting affidavits to the court with its motion, unless it can show cause for not doing so. Fed.R.Civ.P. 6(c)(2). This is to "prevent the moving party from springing new facts on the nonmoving party when it is too late for that party to contest them." Peters v. Lincoln Elec. Co., 285 F.3d 456, 476 (6th Cir. 2001). Moreover, Local Rule 7.2(d) of this Court provides, in pertinent part, as follows:

> **Evidence Supporting Motions - Deadlines.** When proof of facts not already of record is necessary to support or oppose a motion, all evidence then available shall be discussed in, and submitted no later than, the primary memorandum of the party relying upon such evidence. Evidence used to support a reply memorandum shall be limited to that needed to rebut the positions argued in memoranda in opposition.

In seeming contravention of this rule, Defendants attached a supplemental declaration of Mr. Mullen to their reply, which Chase now seeks to strike. In their response, Defendants have agreed to withdraw paragraphs 3 and 5-8 of the declaration, but not the rest. In the Court's view, it makes no difference to the outcome of the venue motion whether these remaining paragraphs are or are not part of the record, so the motion will be denied as moot.

## IV. Order

For all the reasons discussed above, the defendants' motion to transfer venue (Doc. 10) is denied. The motion to strike (Doc. 24) is denied as moot.

## V. Motion for Reconsideration

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. § 636(b)(1)(A), Rule 72(a), Fed.R.Civ.P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a). The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by

the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law. This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.3.

                                              /s/ Terence P. Kemp
                                              United States Magistrate Judge