# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **JPMORGAN CHASE BANK, N.A.** : | CASE NO. 2:16-CV-00426-GCS-TPK |
| **Plaintiff,** : | Judge George C. Smith |
| v. : | Magistrate Chelsey M. Vascura |
| **MICHEL L. MULLEN**, *et al.* : | |
| **Defendants** : | |

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED BY AND BETWEEN Plaintiff, JPMorgan Chase Bank, N.A. ("Plaintiff"), and Defendants Michel L. Mullen and BJ 400XP, Inc. ("Defendants"), as follows:

WHEREAS, information has been and may be sought, produced, or exhibited by and among the parties to the above-referenced action. This information may be of any nature, personal or non-personal, public or non-public, sensitive or non-sensitive. This information may be a trade secret including but not limited to financial information, personnel information, customer information, pricing information, business plans, business information, research and development information, business arrangements, prospective and former business arrangements, current and former supplier information, shareholder information of any kind, shareholder communications of any kind, financing information of any kind, current and former advisors and consultants information, current and former employee information, current and former banking relationships, or other proprietary or confidential information belonging to any or all of parties (the "Confidential Information");

NOW, THEREFORE, this Stipulated Protective Order is necessary to protect such Confidential Information and such protection shall be had according to the following terms:

1. Any information or document submitted and/or produced, either voluntarily or pursuant to any subsequent order in this action, which is asserted by any of the parties to contain or constitute trade secret or other Confidential Information, shall be so designated by said party in writing, and shall be segregated from other information or documents being submitted and/or produced. Information or documents so designated shall be clearly and prominently marked on their face with the legend: "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY." All transcripts of oral testimony, and any exhibits referenced during such testimony, as well as the oral testimony itself, may be designated as Confidential Information. Any person or entity may, within ten (10) days of the receipt of a transcript of oral testimony designate the testimony or any exhibits referenced therein as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" by so notifying the other parties of such designation in writing. Any document or information marked as "CONFIDENTIAL" or as "CONFIDENTIAL - ATTORNEY'S EYES ONLY" shall be used in accordance with paragraphs 2 and 3 below and exclusively and solely for purposes of this litigation and any proceedings in aid of execution and for no other purpose whatsoever.

2. In the absence of prior written permission from the individual or entity asserting confidential treatment, or an order by the Court, any Confidential Information submitted or produced in accordance with the provision of paragraph 1, above, that are marked "CONFIDENTIAL" shall not be disclosed to any person other than: (i) the parties and their attorneys in this action, including any necessary support personnel assisting such attorneys, (ii) qualified persons taking testimony involving such documents or information and necessary

stenographic and clerical personnel; (iii) technical experts or other expert witnesses and their staff who are employed for purposes of this litigation, (iv) the Court and any personnel of the Court, and (v) the producing or submitting party during its or his deposition or testimony. In the absence of prior written permission from the individual or entity asserting confidential treatment, or an order by the Court, any Confidential Information submitted in accordance with the provisions of paragraph 1, above, that are marked "CONFIDENTIAL - ATTORNEY'S EYES ONLY" shall not be disclosed to any person other than the Counsel of record in this case.

3. Confidential Information submitted in accordance with the provisions of paragraph 1, above, shall not be made available to any person designated in paragraph 2(ii) or (iii) unless such person shall have first read this order and shall have agreed in writing to be bound by the terms thereof, to not reveal such Confidential Information to anyone other than persons designated in paragraph 2, above, and to utilize such Confidential Information solely for the purpose of this litigation.

4. If the Court orders, or if the parties agree, that access to, or the dissemination of, information submitted or marked as "CONFIDENTIAL" shall be made to persons not included in paragraph 2, above, all such persons shall be subject to the terms and conditions of this protective order with respect to any such Confidential Information.

5. Any Confidential Information submitted to the Court in connection with a motion, trial or other proceeding within the purview of this lawsuit shall be submitted as set forth in paragraph 1, above, under seal and shall be maintained by the Clerk of Courts under seal until otherwise ordered by the Court or agreed upon by the parties in writing. Only the Court and counsel of record for the respective parties, as well as the parties, shall have access to such

Confidential Information. The parties remain obligated to seek leave of Court prior to the filing of documents under seal in accordance with S.D. Ohio Loc. R. 5.2.1.

6. The parties and their attorneys agree that any Confidential Information submitted as "CONFIDENTIAL" pursuant to paragraph 1, above, is to be treated as such until the parties agree otherwise in writing or until the Court otherwise orders. If a party objects to the designation by another party of documents or information as "CONFIDENTIAL" or as "CONFIDENTIAL - ATTORNEY'S EYES ONLY," such objecting party shall have fourteen (14) days from receipt of such designation to file an appropriate request for the Court to rule that the disputed information or documents should not be subject to the protection of this Order.

7. The parties and their attorneys shall take all necessary and proper steps to preserve the confidentiality of, and to protect the rights of the individual or entity asserting confidential treatment with respect to, any confidential information designated by said individual or entity in accordance with paragraph 1, above.

8. All persons having knowledge of, access to or possession of any confidential information as a result of this litigation shall refrain from disclosing any portion of such information to any other person or entity except as otherwise permitted by this protective order, by this Court, or by the parties in writing.

9. If Confidential Information submitted or produced in accordance with paragraph 1, above, is disclosed to any person other than in the manner authorized by this protective order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the party asserting confidential treatment and, without prejudice to other rights and remedies of the party asserting confidential treatment, make every effort to

prevent further disclosure by the responsible party or by the person who was the recipient of such information.

10. Inadvertent disclosure. The parties agree that any inadvertent disclosure of any privileged material shall not result in the waiver of any associated privilege nor result in a subject matter waiver of any kind. The parties agree, however, that the disclosure of any particular material shall cease to be "inadvertent" if either: (a) seven (7) days after the **receiving party** notifies the producing party that it has received potentially privileged material, the producing party does not request that the material be returned; or (b) thirty (30) days after counsel for the **producing party** in this case becomes actually aware that privileged material has been inadvertently produced and the producing party does not request its return. If the producing party requests that the privileged material be returned, then the receiving party shall either (a) immediately return the material, or (b) within seven (7) days after the producing party's request for its return, file an appropriate motion with the court under seal for determination of whether the material is privileged. While such motion is pending, that material shall be deemed CONFIDENTIAL and shall be treated by the parties in a manner consistent with paragraphs 1 through 9 above. In either situation, the receiving party shall make no photocopies of the material except as may be minimally required to file the motion. All such requests to return privileged material shall be in writing, shall state when counsel became aware of the inadvertent production of the potentially privileged material, and shall identify the inadvertently produced material by Bates range(s) or other document identifier to enable the receiving party to easily identify the material.

11. The Court shall have power to modify this Order at the request of any party and upon a showing of good cause. The Court shall also have the power to enforce this Order in conformity with the Federal Rules of Civil Procedure and/or other applicable law.

12. Within sixty (60) days after termination of this lawsuit, the parties shall assemble and return to the party asserting confidential treatment all items containing confidential information submitted or produced in accordance with paragraph 1, above. At the option of the party asserting confidential treatment, the parties may elect to destroy all items containing confidential information submitted or produced in accordance with paragraph 1 above. If either party elects to have its confidential information destroyed rather than returned, the other party shall send written verification that the documents have in fact been destroyed. All copies containing notes or other attorneys' work product shall be destroyed. In addition, all summaries, extracts or compilations taken from such shall be destroyed. "Termination of this lawsuit" means the conclusion of all proceedings in aid of execution, including those under Fed. R. Civ. P. 69 and/or applicable state law, of any final judgment rendered by this Court, whether such proceedings occur in this venue or another.

13. This protective order shall remain binding after the termination of this lawsuit unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all parties bound hereby for the purposes of this protective order.

14. Neither this protective order nor the designation of any item as Confidential Information shall be deemed to preclude any party from seeking, on an appropriate showing, lesser or greater protection with respect to the confidentiality of any document, written discovery response, or testimony.

15. Neither this protective order nor the designation of any item as "CONFIDENTIAL" or as "CONFIDENTIAL - ATTORNEY'S EYES ONLY" shall be construed as an admission that such material, or any testimony, would be admissible in evidence in this litigation.

16. Nothing in this protective order shall preclude any party from using its own Confidential Information in any manner it chooses.

17. It is the spirit and intent of this document to maintain confidentiality of Confidential Information. Its intent is not to inhibit the parties from pursuing and presenting their case on the merits in this litigation and in the event of a dispute about its interpretation, the interpretation shall be made with this spirit and intent considered. The Court shall have jurisdiction to adjudicate any disputes regarding interpretation of this Order.

**IT IS SO ORDERED**

_____
MAGISTRATE JUDGE
CHELSEY M. VASCURA